# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **YARACNE CARRASQUILLO CALDERON,**<br><br>Plaintiff,<br><br>v.<br><br>**MERCK SHARP & DOHME (I.A) LLC**<br><br>Defendant. | CIVIL NO. 21-cv-1303 |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW the Defendant, MSD International GmbH (PR Branch) LLC[1] (hereinafter referred to as "MSD International GmbH") through the undersigned attorneys, and hereby files this Notice of Removal to remove the above-captioned case, which is currently before the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part of Caguas, to the United States District Court for the District of Puerto Rico, on the following grounds:

## INTRODUCTION

1. On June 2, 2021, Yaracne Carrasquillo Calderon ("Plaintiff" or "Carrasquillo") filed a Complaint[2] in the First Instance Court of Puerto Rico, Superior Part of Caguas, where the case is captioned and numbered: *Yaracne Carrasquillo Calderon v. Merck Sharp & Dohme (I.A.) LLC*, Civil No. CG2021CV01344. A true and correct copy of the Complaint in the Spanish language is attached as Defendant's **Exhibit 1**.[3]

---

[1] Wrongly identified in the Complaint as "Merck Sharp & Dohme (I.A.) LLC". Through this appearance we certify the correct party is MSD International GmbH (PR Branch) LLC. *See*, **Exhibit 3 - Unsworn Statement under Penalty of Perjury of Franz Escherich, at ¶9**.
[2] The Complaint was the first document served upon Defendant via service of summons.
[3] A certified English translation of the Complaint is being filed along with its original Spanish version.

2. Essentially, Plaintiff seeks $97,278.00 as indemnity for alleged wrongful termination and $24,319.50 for costs and attorney's fees. *See* **Exhibit 1, at ¶¶ 30 & 32**.

3. On June 4, 2021, a copy of the Complaint and the corresponding summons were served upon MSD International GmbH. A true and correct copy of the original service of summons in the Spanish language is attached as **Exhibit 2**.[4] Accordingly, pursuant to 28 U.S.C. §1446 (b), the instant Notice of Removal has been filed within thirty (30) days of receipt of the Complaint and Summons.

4. On June 21, 2021, Defendant filed its Answer to the Complaint before the First Instance Court of Puerto Rico, Superior Part of Caguas. *See* **Exhibit 4**.

5. Copies of the documents filed in the Puerto Rico case and notified to Defendant – namely the Complaint, Summons, and Answer to Complaint – have been attached to the instant Notice of Removal. *See* **Exhibit 1-2** and **4**.

6. MSD International GmbH respectfully moves for the removal of the state court case pursuant to 28 U.S.C. §§1441 and 1446, insofar as this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332(a)(3) because (1) there is complete diversity of citizenship between the parties (2) the amount in controversy requirement is met, and (3) this Notice of Removal has been filed in a timely fashion in compliance with all applicable procedures.

## GROUNDS FOR REMOVAL

7. Pursuant to 28 U.S.C. §1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district courts of the United States for the district and division embracing the place where such action is pending."

---

[4] A certified English translation of the Summons is being filed along with its original Spanish version.

8. In its pertinent part, Section 1332 of Title 28 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of a State and citizens or subjects of a foreign state."[5] 28 U.S.C. §1332(a).

9. Under Section 1332(a)(2), which grants federal district court jurisdiction in action between citizens of a state and "foreign states", the quoted words mean other nations or other countries. Republique Francaise v. M K & T Ry Co of Tex, 85 F. Supp. 295 (N.D. Tex. 1949). For federal diversity jurisdiction purposes, corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business; its "nerve center." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186, and 1192-1194 (2010) (holding that the phrase "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."); see also Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011).

10. With respect to limited liability companies, the First Circuit Court of Appeals has held that their citizenship "is determined by the citizenship of all its members." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (citations omitted).

11. According to Section 1446 of Title 28, "[a] defendant or defendants desiring to remove any civil action … from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. §1446(a). The notice of removal must be filed with this Court within thirty (30) days after the receipt by defendant of the initial pleading through service or otherwise. Under 28 U.S.C. §1446(a), the notice shall be accompanied by "a copy of all process, pleadings, and orders served upon" the removing defendant.

---

[5] Section 1332(d) considers that "[t]he Word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(d).

12. As will be explained below, MSD International GmbH respectfully submits that the jurisdictional requirements of Section 1332(a)(3) are met in the instant case.

### A. ORIGINAL JURISDICTION

#### *Complete diversity of citizenship of the parties*

13. In her Complaint, Plaintiff specifically alleged that she resides in San Lorenzo, Puerto Rico. *See* **Exhibit 1, at Section II, ¶ 1**. The Complaint avers that Merck Sharp & Dohme (I.A.) LLC is a foreign corporation authorized to do business in Puerto Rico law. ***Id.*, at ¶ 2**. Although the Plaintiff acknowledged that her former employer is a foreign corporation, she misspelled the name; the correct name of Plaintiff's former employer is in fact "MSD International GmbH (PR Branch) LLC", and not "Merck Sharp & Dohme (I.A.) LLC". *See,* **Exhibit 3, at ¶9**. As such, the relevant inquiry for diversity purposes is for MSD International GmbH (PR Branch) LLC.

14. MSD International GmbH is a foreign limited liability company organized under the laws of Switzerland, with its principal place of business located in Switzerland, and is authorized to do business in Puerto Rico as a "branch" with a pharmaceutical plant located in Pridco Industrial Park 183 Road, las Piedras, Puerto Rico 00771.[6] *See* **Exhibit 3: Unsworn Statement under Penalty of Perjury of Franz Escherich, at ¶3** and the underlying document cited therein as **Exhibit II: Certificate of Authorization of Foreign Non-US Limited Liability Company issued by the Department of State of the Commonwealth of Puerto Rico, ps. 1-3 and 9**. All directors, officers, and members of the board of directors of MSD International GmbH are residents and work outside the jurisdiction of Puerto Rico. *See,* **Exhibit 3, at ¶7** and the underlying documents

---

[6] Noticeably, in her Complaint, Plaintiff avers that the address of her former employer was PRIDCO Industrial Park, Carretera #183, Las Piedras, PR 00771, which is the physical address of MSD International GmbH (Puerto Rico Branch) LLC. *See* **Exhibit 1, at Section II, ¶2**; *cf.* **Exhibit II, at p. 9. Those facts in addition to Plaintiff's Form 499R-2/W-2PR Withholding Statement (*see* Exhibit 3, at ¶9; and Exhibit VI), confirm the fact that Plaintiff's former employer was** MSD International GmbH (Puerto Rico Branch) LLC and not Merck Sharp & Dohme (I.A) LLC.

cited therein as **Exhibit I**; *see, also,* **Exhibit III- MSD International GmbH Commercial register of canton Luzern, at p. 7, notes 29 and 41**.

15. The sole member (or owner) of MSD International GmbH is: MSDIG Holdings Unlimited Company,[7] which was organized in Ireland, with its principal place of business located in Weystrasse 20, 6006 Lucerne, Switzerland. *See,* **Exhibit 3, at ¶ 3** and the underlying document cited therein as **Exhibit III, at p. 7, note 47**; and **Exhibit IV – MSDIG Holdings Unlimited Company - Company Report**; *see, also,* **Exhibit II, at p. 3. ¶5**. All directors, officers, and members of the board of directors of MSDIG Holdings Unlimited Company are residents and work outside the jurisdiction of Puerto Rico. *See,* **Exhibit 3, at ¶4** and the underlying document cited therein as **Exhibit I**; *see, also,* **Exhibit IV, at ps. 2-3**.

16. MSD International GmbH is also an indirectly wholly-owned subsidiary of Merck & Co. Inc., which in turn was incorporated under the laws of the State of New Jersey, and its headquarters are located 2000 Galloping Hill Road, Kenilworth, NJ, 07033, United States of America. *See* **Exhibit 3, at ¶5** and the underlying document cited therein as **Exhibit V**. Noticeably, Merck & Co., Inc. does not have any officers, directors, or employees in Puerto Rico, and does not conduct any business in Puerto Rico as a corporate entity. **Exhibit 3, at ¶6**.

17. Although MSD International GmbH is authorized to do business as a "branch" in Puerto Rico, its nerve center, its principal place of business, the actual center of direction, control, and coordination is based outside of the jurisdiction of Puerto Rico, specifically at Weystrasse 20, 6000 Lucern, Switzerland. *See* **Exhibit 3, at ¶3 and ¶8**. Since the date of the filing of the Complaint, and up to the present, all directors, officers and members of the board of directors of MSD International GmbH have resided and worked outside Puerto Rico; most business activities of MSD

---

[7] It is clarified that MSDIG Holdings Unlimited Company was previously named MSDIG Holdings Limited, Merck Sharp & Dohme Ireland (Human Health) Limited. *See,* **Exhibit 3, at footnote 1**; *see, also,* the underlying document cited therein as **Exhibit IV, at p.1.**

International GmbH have been directed and controlled outside the jurisdiction of Puerto Rico; all corporate official records pertaining to MSD International GmbH are kept outside the jurisdiction of Puerto Rico; and all corporate resolutions and executive matters pertaining to MSD International GmbH have been handled and executed outside the jurisdiction of Puerto Rico. *See* **Exhibit 3, at ¶ 8**. Furthermore, the highest-ranking employees of MSD International GmbH in Puerto Rico report directly to the headquarters outside the jurisdiction of Puerto Rico and they have no authority to make major executive decisions without the express authorization of the directors and officers that operate outside of Puerto Rico: in Switzerland and/or New Jersey. *Id.* As such, MSD International GmbH's headquarters, where executive decisions are made, have been located at all relevant times outside the jurisdiction of Puerto Rico. *Id.*

18. On another hand, Merck Sharp & Dohme de Puerto Rico, Inc. ("Merck") was a foreign corporation organized under the laws of the State of Delaware and it used to be authorized to do business in Puerto Rico. However, by way of a filing made on December 23, 2016, Merck formally notified the Puerto Rico State Department a Certificate of Withdrawal of the Authorization to do Business in Puerto Rico, to be effective on December 31, 2016, at 11:59 PM. Furthermore, Merck was dissolved in the Delaware Department of State on January 11, 2017. *See* **Exhibit 3, at ¶ 10**; and the underlying documents cited therein as **Exhibits VII-IX**. Likewise, Merck's principal place of business, the actual center of direction, control, and coordination was based outside of the jurisdiction of Puerto Rico, as well as all directors and officers of Merck resided and worked outside the jurisdiction of Puerto Rico. **Exhibit 3, at ¶11**. Furthermore, the highest-ranking employees of Merck in Puerto Rico reported directly to the headquarters outside the jurisdiction of Puerto Rico, and they had no authority to make major executive decisions without the express authorization of the directors and officers that operate outside of Puerto Rico: in Delaware and/or New Jersey. *Id.*

19. Although it has already been clarified that Merck Sharp & Dohme (I.A) LLC was not Plaintiff's employer, for purposes of argumentation it is respectfully informed that said entity has also been authorized to do business in the Commonwealth of Puerto Rico as a foreign limited liability corporation organized under the laws of Delaware, with its corporate address at 1209 Orange Street, Wilmington, Delaware 19801. *See* **Exhibit 3, at ¶12** and the underlying document cited therein as **Exhibit X – Certificate of Authorization of a U.S. Foreign Limited Liability Company issued by the Department of State of the Commonwealth of Puerto Rico**. The local offices of Merck Sharp & Dohme (I.A) LLC are located in PR Industrial Park 370 calle Fabril, Carolina, Puerto Rico 00987,[8] and it is engaged in the business of sales and distribution of pharmaceutical products. ***Id***. The sole member of Merck Sharp & Dohme (I.A) LLC is Merk Sharp & Dohme (I.A.) B.V., with its principal place of business located in Waarderweg 39, 2031 BN Haarlem, The Netherlands. *See* **Exhibit 3, at ¶13 and Exhibit X, at ps. 2-3**. In turn, the managers of Merk Sharp & Dohme (I.A.) B.V. are Franciscus Rubertus Maria Mattijssen, Paul Reinier Koopman, Elizabeth Catherine Hondius and Hans Pieter Bart Verhagen, with usual business address at Waarderweg 39, 2031 BN Haarlem, The Netherlands. ***Id***. Additionally, Merck Sharp & Dohme (I.A) LLC's principal place of business, the actual center of direction, control, and coordination was based outside of the jurisdiction of Puerto Rico, as well as all of the managers of Merk Sharp & Dohme (I.A.) B.V. resided and worked outside the jurisdiction of Puerto Rico. *See* **Exhibit 3, at ¶14**. Furthermore, upon information and belief, the highest-ranking employees of Merck I.A. in Puerto Rico reported directly to the headquarters outside the jurisdiction of Puerto Rico, and they had no authority to make major executive decisions without the express authorization of the directors and officers that operate outside of Puerto Rico: in Delaware and/or The Netherlands. ***Id***.

---

[8] *See,* footnote #6, above.

20. In light of the foregoing, the record shows that the "principal place of business" –the "nerve center"– of MSD International GmbH, Merck, and Merck Sharp & Dohme (I.A) LLC has been located at all relevant times, and as of the filling of the instant Complaint, outside the jurisdiction of Puerto Rico. *See*, **Exhibit 3**. Furthermore, insofar as the "citizenship" of a limited liability company "is determined by the citizenship of all of its members," <u>D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra</u>, 661 F.3d at 126, in the instant case it is abundantly clear that Plaintiff and MSD International GmbH are citizens of different "States" pursuant to 28 U.S.C. §1332 because none of Defendant's members are citizens of Puerto Rico.[9] Accordingly, the complete diversity of citizenship requirement is met.[10]

### The removal meets the jurisdiction amount threshold

21. As previously discussed, the total amount-in-controversy in this case equals $121,597.50 for alleged wrongful termination and attorney's fees. *See* **Exhibit 1, at ¶¶ 30 & 32**.

22. As previously stated, Section 1332 of Title 28 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs…" 28 U.S.C. §1332(a).

23. Therefore, the amount in controversy pursuant to the Complaint satisfies the jurisdictional amount.

**B. REMOVAL PROCEDURE**

24. Section 1441 of Title 28 provides, in turn, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Actions not removed

---

[9] *See*, **Exhibit 3, at ¶3, ¶7-¶8, ¶12-¶14**.
[10] *See* <u>Hernandez Navarro v. MSD</u>, Civil No. 17-2226 and <u>Cortes-Diaz v. Merck</u>, Civil No. 19-01611 where removal to this Court was granted.

8

pursuant to 'federal question' jurisdiction, "shall be removable only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).

25. Under 28 U.S.C. §1446(b), the notice of removal must be filed with this Court within thirty (30) days after the receipt by defendant of the initial pleading through service or otherwise. Under 28 U.S.C. §1446(a), the notice shall be accompanied by "a copy of all process, pleadings, and orders served upon" the removing defendant. Since a copy of the Complaint and the corresponding summons were served upon Defendant on June 4, 2021, the instant *Notice of Removal* has been filed within thirty (30) days after having received notice –through formal service or otherwise– of the initial pleading setting forth the claim for relief upon which such proceeding is based. Accordingly, removal is timely. *See* Danca v. Private Health Care Sys., 185 F.3d 1 (1st Cir. 1999) (*quoting* Murphy Brothers, Inc. v. Michetti Piper Stringing, Inc., 526 U.S. 344, 143 L. Ed 2d 448, 119 S. Ct. 1322, 1328-30 (1999)).

26. Pursuant to 28 U.S.C. §1441(a) and 1391(a)(2), the United States District Court for the District of Puerto Rico is the Court with jurisdiction over the district where the Puerto Rico case is pending and may therefore entertain the removed action.

27. In compliance with 28 U.S.C. §1446, MSD International GmbH hereby certify that there are adequate jurisdictional grounds for the removal of the present action, and it has attached herein copies of all pleadings, motions, and remaining processes served upon Defendant in the Spanish language with their certified English translation. *See*, **Exhibits 1-2**. Additionally, on June 21, 2021, Defendant filed its Answer to the Complaint in its original English language before the First Instance Court of Puerto Rico, Superior Part of Caguas, copy of which was served upon Defendant. *See* **Exhibit 4**.

28.     Lastly, in strict compliance with to Local Civil Rule 7.1, Defendant hereby states –as its corporate disclosure statement– that MSD International GmbH is a foreign limited liability company organized under the laws of Switzerland, with its principal place of business located in Weystrasse 20, 6006 Lucerne, Switzerland, and it is authorized to do business in Puerto Rico as a "branch." The sole member (or owner) of MSD International GmbH is: MSDIG Holdings Unlimited Company, which was organized in Ireland, with its principal place of business located in Weystrasse 20, 6006 Lucerne, Switzerland. For its part, Merck Sharp & Dohme (I.A) LLC is authorized to do business in the Commonwealth of Puerto Rico as a foreign limited liability corporation organized under the laws of Delaware, and its sole member is Merk Sharp & Dohme (I.A.) B.V., with its principal place of business located in Waarderweg 39, 2031 BN Haarlem, The Netherlands. Lastly, MSD International GmbH and Merck Sharp & Dohme (I.A) LLC are also indirectly wholly-owned subsidiaries of Merck & Co., Inc., which in turn is a public traded company incorporated in New Jersey, with corporate headquarters located at 2000 Galloping Hill Road, Kenilworth, New Jersey. In sum, as explained above, all relevant times Defendant's direction, control and dealings were made outside Puerto Rico.

## PRAYER

**WHEREFORE**, Defendant gives notice of the removal of this action, pursuant to sections 1332, 1441, and 1446 of Title 28, United Sates Code, and requests that said cause of action proceed before this Honorable Court as an action properly removed.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that, on this date, a true and exact copy of this Notice of Removal with its Exhibits will be served by mail and email to counsel for Plaintiff: **Carlos J. Morales-Bauzá**, Rosello & Morales, C.S.P., Cond. Altagracia, 262 calle Uruguay, Ste. C3-C4, San

Juan, PR 00917-2017, and carlosjmoralesbauza@gmail.com; and a copy will be served electronically upon the Clerk of the First Instance Court of Puerto Rico, Superior Part of Caguas.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 24th day of June 2021.



_____

www.CSTLAWPR.com
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com

*s/JUAN J. CASILLAS-AYALA*
**JUAN J. CASILLAS-AYALA**
USDC-PR No. 218312

*s/ISRAEL FERNANDEZ-RODRIGUEZ*
**ISRAEL FERNANDEZ-RODRIGUEZ**
USDC-PR No. 225004