Case 3:21-cv-01303-SCC Document 1-1 Filed 06/24/21 Page 1 of 15
CG2021CV01344 02/06/2021 04:10:00 pm Entrada Núm. 1 Página 1 de 7

**Exhibit 1**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAGUAS**

| | |
|---|---|
| YARACNE CARRASQUILLO CALDERON<br><br>Querellante<br><br>V.<br><br>MERCK, SHARP & DOHME (I.A.) LLC<br><br>Querellada | CIVIL NUM.<br><br>SOBRE<br><br>COBRO DE MESADA POR DESPIDO INJUSTIFICADO (LEY 80); PROCEDIMIENTO SUMARIO BAJO LA LEY NUM. 2 DEL 17 DE OCTUBRE DE 1961, SEGÚN ENMENDADA (32 LPRA 3118, ET SEQ) |

**Q U E R E L L A**

AL HONORABLE TRIBUNAL:

Comparece la querellante, Yaracne Carrasquillo Calderón, por conducto de sus abogados que suscriben, y muy respetuosamente expone, alega y solicita:

**I. NATURALEZA DE LA ACCION**

La querellante presenta esta acción al amparo de las disposiciones de la Ley Número 80 de 30 de mayo de 1976, según enmendada, (29 L.P.R.A. 185a et seq.) ("Ley 80") sobre terminación de empleo sin justa causa. La Querellante fue contratada previo a la vigencia de la Ley de Transformación y Flexibilidad Laboral de 2017, Ley Núm. 4 de 2017. De conformidad con el Art. 4.3 de la Ley Núm. 4 de 2017, la indemnización a que tiene derecho la Querellante por haber sido despedida sin justa causa, "se calculará utilizando el estado de derecho previo a la entrada en vigor de la "Ley de Transformación y Flexibilidad Laboral." Se invocan las disposiciones del procedimiento sumario de la Ley Núm. 2 de 1961, 32 LPRA 3118 y ss.

**II. PARTES**

1. Yaracne Carrasquillo Calderón, (en adelante "la querellante") es mayor de edad, soltera, propietaria y vecina de la Urbanización Bosque Llano, Calle Jaguey #534, San Lorenzo, P.R. 00754.
2. La querellada, Merck Sharp & Dohme (I.A.) LLC, (en adelante, "Merck") es una corporación foránea con fines de lucro autorizada a realizar negocios

-1-

en Puerto Rico, con capacidad para demandar y ser demandada. Merck se dedica a la manufactura y venta de fármacos y opera una planta en Las Piedras, Puerto Rico. Su dirección conocida es PRIDCO Industrial Park, Carretera #183, Las Piedras, P.R. 00771. Su agente residente es Cesar Simich, cuya dirección es Calle Fabril #370, Carolina, Puerto Rico. En todo momento pertinente a los hechos alegados en esta Querella, la querellada era el patrono de la querellante.

### III. COMPETENCIA Y ALEGACIONES GENERALES

3. A tenor con la Regla 3.5 de Procedimiento Civil de 2009, la Sala de Caguas del TPI tiene competencia para entender en esta Querella por virtud de que la querellante ejercía su trabajo dentro de la jurisdicción de Caguas y esta es una reclamación laboral de salarios.

4. En todo momento pertinente a los hechos alegados en esta Querella, Merck era la dueña y/u operadora de una planta dedicada, *inter alia,* a la manufactura de fármacos la cual está localizada en el Municipio de Las Piedras, Puerto Rico.

5. La querellante comenzó a trabajar para la antecesora en derecho de Merck (Schering Plough) el 26 de diciembre de 2001, entidad que se dedicaba a la manufactura y venta de fármacos.

6. La querellante fue empleada de Schering Plough, ininterrumpidamente, desde el 26 de diciembre de 2001 hasta que Schering Plough le vendió y/o le traspasó las operaciones de dicha planta a Merck en o alrededor del año 2011. Al Schering Plough traspasarle o venderle la operación de la planta de Las Piedras a Merck, la querellante continuó trabajando en dicha planta en el mismo puesto que ocupaba con Schering Plough y/o realizando las mismas funciones, convirtiéndose entonces en empleada de Merck.

7. Por información y creencia, en o alrededor del año 2011 Merck[1] adquirió y/o se convirtió en la propietaria y/u operadora de la planta de Las Piedras habiendo adquirido la misma de su anterior dueña u operadora, Schering Plough. Al adquirir dicha planta, Merck continuó operando la

---

[1] Según los récords del Departamento de Estado, el 19 de diciembre de 2013 Merck Sharp & Dohme (I.A.) Corp. se convirtió en una corporación de responsabilidad limitada cambiando su nombre a Merck Sharp & Dohme (I.A.) LLC.

-2-

misma dedicada al negocio de manufactura y venta de fármacos.

8. Al adquirir dicha planta, Merck continuó operando la planta con básicamente el mismo equipo, maquinaria e inventario, produciendo básicamente los mismos productos y/o prestando los mismos servicios que antes prestaba Schering Plough.

9. El Artículo 6 de la Ley 80, según enmendada, (29 L.P.R.A. § 185f) que estaba en vigor al momento en que Merck adquirió la planta de Las Piedras, lee como sigue:

"En el caso del traspaso de un negocio en marcha, <u>si el nuevo adquirente continúa utilizando los servicios de los empleados que estaban trabajando con el anterior dueño, se les acreditará a éstos el tiempo que lleven trabajando en el negocio bajo anteriores dueños</u>. En caso de que el nuevo adquirente opte por no continuar con los servicios de todos o algunos de los empleados y no advenga en su consecuencia patrono de éstos el anterior patrono responderá por la indemnización provista por esta ley el comprador deberá retener la cantidad correspondiente del precio de venta convenido respecto al negocio. <u>En caso de que los despida sin justa causa después del traspaso, el nuevo dueño responderá por cualquier beneficio que bajo esta ley pueda tener el empleado que quede cesante</u>, estableciéndose además un gravamen sobre el negocio vendido para responder del monto de la reclamación." (Subrayado nuestro)

10. A tenor con el Artículo 6 antes citado, al adquirir la referida planta de Las Piedras y al continuar utilizando los servicios de la querellante, Merck se obligó a acreditarle a la querellante el tiempo que esta llevaba trabajando en el negocio "bajo anteriores dueños."

11. La querellante comenzó a trabajar a tiempo indefinido para las anteriores dueñas del negocio que Merck lleva a cabo en la planta de Las Piedras, el 26 de diciembre de 2001, y fue empleada y trabajó ininterrumpidamente en dicha planta, desde esa fecha hasta el pasado 30 de abril de 2021, cuando Merck la despidió fulminantemente, sin mediar justa causa.

12. Conforme al Artículo 6 de la Ley 80, al tiempo que la querellante trabajó para Merck hay que acreditarle el tiempo que la querellante trabajó para los anteriores dueños de dicho negocio, lo que se traduce en 19 años de empleo.

13. La querellante fue despedida por supuestamente haber incurrido en una violación a las prácticas de manufactura referente a la utilización de unos papeles de anotación ("post it") que fueron provistos a la querellante

-3-

por su supervisor inmediato.

14. La querellante utilizó los "post it" con el conocimiento y la anuencia, expresa o tácita, de su supervisor inmediato, señor David González, para anotar una información pertinente a unos lotes que la querellante estaba trabajando. Esto ocurrió durante un período en el que la querellante estaba manejando un cúmulo de trabajo (lotes) sumamente alto y muy por encima del volumen normal.

15. La violación que la querellada le imputó a la querellante, de haberse cometido, no le ocasionó daños y/o pérdidas económicas a la compañía ya que el trabajo que la querellante realizó con los referidos lotes se llevó a cabo correctamente.

16. La violación que la querellada le imputó a la querellante, de haberse cometido, no fue maliciosa y tampoco implica deshonestidad de la querellante.

17. En la alternativa, independientemente de lo que establezca el reglamento y/o las normas de trabajo de Merck, la violación que la querellada le imputó a la querellante no amerita la sanción drástica del despido sobre todo cuando la querellante tiene un récord de trabajo prístino, sin amonestaciones previas, ni conducta contraria a las normas y/o mejores intereses de Merck.

18. En la alternativa, independientemente de lo que establezca el reglamento y/o las normas de trabajo de Merck, en vista a las evaluaciones de trabajo de la querellante y su récord, la sanción drástica del despido es incongruente con la política de disciplina progresiva que permea dicho reglamento.

19. En la alternativa, independientemente de lo que establezca el reglamento y/o las normas de trabajo de Merck, la violación que la querellada le imputó a la querellante fue incurrida con la anuencia del supervisor inmediato de la querellante, señor David González, quien le proporcionó a las querellantes los referidos "post it" con pleno conocimiento del uso que la querellante les brindaría a estos. En otras palabras, la conducta

que la querellada le imputa a la querellante se llevó a cabo con la anuencia expresa o tácita de su supervisor inmediato, lo que constituyó una aprobación de este a la práctica de la querellante que el patrono ahora pretende utilizar para justificar el despido.

20. En la alternativa, independientemente de lo que establezca el reglamento y/o las normas de trabajo de Merck, la querellada le aplicó dicho reglamento a la querellante de manera inconsistente y/o de manera caprichosa y arbitraria y/o la aplicación del reglamento en este caso contra la querellante esta reñida con los actos propios de la querellada, al propiciar, permitir y/o inducir la práctica con la que justifica el despido de la querellante.

21. Mientras la querellante fue empleada de la querellada ejerció sus funciones de forma responsable y adecuada, siempre velando por los mejores intereses de la empresa. Mientras fue empleada de la querellada, la querellante no fue objeto de amonestaciones, escritas o verbales, sobre su desempeño laboral y/o por desempeño deficiente.

22. Al momento de su despido, la querellante ocupaba el puesto de Microbióloga, realizando funciones correspondientes a dicho cargo.

23. La querellante fue despedida sin justa causa, y/o por razones que no constituyen justa causa conforme a la casuística aplicable a la Ley 80.

### IV. PRIMERA CAUSA DE ACCION: RECLAMACION DE MESADA BAJO LA LEY NUM. 80 DE 30 MAYO DE 1976, SEGÚN ENMENDADA

24. La querellante repite y re alega cada uno de los párrafos precedentes como si estuviesen aquí expuestos literalmente.

25. La querellante era una empleada que trabajaba para la querellada mediante un contrato a tiempo indefinido.

26. El despido de la querellante de su empleo fue uno sin mediar justa causa, según dicho término se define en la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, razón por la cual la querellante tiene derecho a ser compensada mediante el pago de la mesada que establece la ley.

27. Conforme al Artículo 6 de la Ley 80, a los fines de computar la mesada a

-5-

la que tiene derecho la querellante, la querellada tiene derecho a que se le acredite el tiempo que trabajó para los anteriores dueños de la planta de Las Piedras que fue adquirida por Merck. También tiene derecho a que se le acredite el tiempo durante el cual fue empleada de Merck luego de que dicha entidad adquirió la planta de Las Piedras. De conformidad con el Artículo 6 de la Ley 80, esto totaliza 19 años.

28. La querellante fue contratada previo a la vigencia de la Ley de Transformación y Flexibilidad Laboral de 2017, Ley Núm. 4 de 2017. De conformidad con el Art. 4.3 de la Ley Núm. 4 de 2017, la indemnización a que tiene derecho la querellante por haber sido despedida sin justa causa, "se calculará utilizando el estado de derecho previo a la entrada en vigor de la "Ley de Transformación y Flexibilidad Laboral."

29. Conforme a lo dispuesto en los Artículos 1 (a) y (b) de la Ley Núm. 128 de 7 de octubre de 2005, la compensación que por concepto de la mesada tiene derecho la querellante es igual al equivalente de 6 meses del sueldo más alto devengado durante sus últimos tres años de empleo, más una compensación adicional igual al equivalente de tres (3) semanas de sueldo por cada año durante el cual el querellante trabajó para la querellada.

30. El salario anual más alto devengado por la querellante durante los 3 años precedentes al despido fue de $60,953 (durante el año 2019) por lo cual a tenor con lo dispuesto en el Artículo 1 de la Ley 80 del 30 de mayo de 1976, según enmendada (29 LPRA 1859 et seq), ella tiene derecho a una mesada ascendente a la suma de $97,278. Además, tiene derecho a intereses moratorios al tipo legal desde la fecha del despido, y en la alternativa desde la fecha de la presentación de esta reclamación judicial, sobre el importe de dicha mesada.

**V.   SEGUNDA CAUSA DE ACCION:  HONORARIOS DE ABOGADO**

31. La querellante repite y re alega cada uno de los párrafos precedentes como si estuviesen aquí expuestos literalmente.

32. Conforme a la ley y jurisprudencia aplicables, la querellada es responsables por el pago de una suma adicional en concepto de honorarios

-6-

de abogado equivalente al 25% de la indemnización base concedida a la parte querellante.

33. Se invocan las disposiciones del procedimiento sumario de la Ley Núm. 2 de 1961, 32 LPRA 3118 y ss. y el Articulo 4.12 de la Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4 de 2017.

**VI. SUPLICA**

POR TODO LO CUAL la parte querellante solicita que se declare Con Lugar la Querella y se dicte Sentencia condenando a la querellada Merck Sharp & Dohme (I.A.) LLC, Inc., al pago de lo siguiente:

a) una suma en concepto de la mesada por despido injustificado a ser computada a tenor con lo dispuesto en el Artículo 1 de la Ley Núm. 128 de 7 de octubre de 2005, la que se computa en la suma de $97,278;

b) Honorarios de abogado en una suma no menor de 25% de la indemnización por concepto de mesa concedida al querellante;

c) Los gastos y costas del procedimiento;

d) Intereses moratorios sobre la cuantía concedida en la Sentencia desde la fecha de efectividad del despido o, en la alternativa, desde la fecha de presentación de esta Querella;

e) Que se ventile esta reclamación de conformidad con las disposiciones del procedimiento sumario de la Ley Núm. 2 de 1961, 32 LPRA 3118 y ss. y el Articulo 4.12 de la Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4 de 2017.

f) Cualquier otro remedio en ley que sea justo y razonable.

En San Juan, Puerto Rico, a 2 de junio de 2021.

*F:/Carlos J. Morales Bauzá*
CARLOS J. MORALES BAUZA
RUA 8353
**ROSSELLO & MORALES, C.S.P.**
262 Calle Uruguay
Condominio Altagracia Ste. C3-C4
San Juan, PR 00917-2017
Tel.: (787)616-5164
carlosjmoralesbauza@gmail.com

**\*\*NOTA\*\***
A tenor con las disposiciones aplicables
de la Ley Núm. 2 de 1961, esta Querella
está exenta del pago de arancel

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 1 of 7

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, CAGUAS PART**

| | |
|---|---|
| YARACNE CARRASQUILLO CALDERON<br><br>Plaintiff<br><br>V.<br><br>MERCK, SHARP & DOHME (I.A.) LLC<br><br>Defendant | CIVIL CASE NO.<br><br>SUBJECT<br><br>COLLECTION OF SEVERANCE FOR WRONGFUL DISCHARGE (PUBLIC LAW NO. 80); SUMMARY PROCEDURE UNDER PUBLIC LAW NO. 2 OF OCTOBER 17, 1961, AS AMENDED (32 LPRA 3118, ET SEQ) |

**C O M P L A I N T**

TO THE HONORABLE COURT:

Comes now the plaintiff, Yaracne Carrasquillo Calderón, through the undersigned legal counsel, and very respectfully states, alleges, and prays:

**I. NEED FOR THIS ACTION**

The plaintiff files this action pursuant to the provisions of Public Law No. 80 of May 30, 1976, as amended, (29 L.P.R.A. 185a et seq.) ("Public Law 80") concerning wrongful discharge. The Plaintiff was hired before the Labor Transformation and Flexibility Act of 2017, Public Law No. 4 of 2017, took effect. In accordance with Art. 4.3 of Public Law No. 4 of 2017, the compensation to which the Plaintiff is entitled for being wrongfully discharged, "shall be calculated using the laws that were in effect prior to the enactment of the Labor Transformation and Flexibility Act." We hereby invoke the provisions of the summary procedure established by Public Law No. 2 of 1961, 32 LPRA 3118, et seq.

**II. PARTIES**

1. Yaracne Carrasquillo Calderón (hereinafter "the plaintiff") is of legal age, single, a property owner and resident of Urbanización Bosque Llano, #534 Jaguey Street, San Lorenzo, P.R. 00754.

2. The defendant, Merck Sharp & Dohme (I.A.) LLC (hereinafter "Merck") is a foreign for-profit corporation authorized to conduct business in Puerto Rico, with the

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 2 of 7

capacity to sue and be sued. Merck is dedicated to manufacturing and selling drugs, and operates a plant in Las Piedras, Puerto Rico. Its known address is PRIDCO Industrial Park, State Road #183, Las Piedras, P.R. 00771. Its registered agent is Cesar Simich, whose address is #370 Fabril Street, Carolina, Puerto Rico. At all times relevant to the facts alleged in this Complaint, the defendant was the plaintiff's employer.

### III. VENUE AND GENERAL ALLEGATIONS

3. In accordance with Rule 3.5 of the Rules of Civil Procedure of 2009, the Caguas Courtroom of the CFI has proper venue to consider this Complaint inasmuch as the plaintiff performed her work within the jurisdiction of Caguas and this is a labor and employment claim for wages.

4. At all times relevant to the facts alleged in this Complaint, Merck was the owner and/or operator of a plant dedicated, among other things, to the manufacturing of drugs, located in the Municipality of Las Piedras, Puerto Rico.

5. The plaintiff began to work for Merck's legal predecessor (Schering Plough), an entity that manufactured and sold drugs, on December 26, 2001.

6. The plaintiff was a Schering Plough employee, without interruption, from December 26, 2001, until Schering Plough sold and/or transferred the operations of said plant to Merck on or around the year 2011. When Schering Plough transferred or sold the operation of the Las Piedras plant to Merck, the plaintiff continued to work at said plant in the same position that she held with Schering Plough and/or to carry out the same duties, thus becoming a Merck employee.

7. According to information and belief, on or around the year 2011, Merck[1] acquired and/or became the owner and/or operator of the Las Piedras plant, having acquired it from its previous owner or operator, Schering Plough. After acquiring said plant, Merck continued to operate it for the purpose of manufacturing and selling

---

[1] According to the records of the Department of State, on December 19, 2013, Merck Sharp & Dohme (I.A.) Corp. became a limited liability company and changed its name to Merck Sharp & Dohme (I.A.) LLC.

-2-

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 3 of 7

drugs.

8. After acquiring said plant, Merck continued to operate it with basically the same equipment, machinery, and inventory; producing basically the same products and/or providing the same services that Schering Plough used to provide.

9. Article 6 of Public Law No. 80, as amended, (29 L.P.R.A § 185f) which was in force and effect at the time when Merck acquired the Las Piedras plant, states the following:

"In the case of the transfer of an operating business, <u>if the new acquirer continues to use the services of the employees who were working with the former owner, said employees shall be credited with the time they have worked in the business under former owners</u>. In the event that the new acquirer chooses not to continue with the services of all or any of the employees and hence does not become their employer, the former employer shall be liable for the compensation provided herein, and the acquirer shall withhold the corresponding amount from the sales price stipulated for the transaction. <u>In the event that he discharges them without just cause after the transfer, the new owner shall be liable for any benefit which may accrue to the employee laid off hereunder</u>, and a lien shall be placed on the business sold, to answer for the amount of the claim." (Underline ours)

10. In keeping with Article 6 cited above, by acquiring the referenced Las Piedras plant and continuing to use the services of the plaintiff, Merck became bound to credit the plaintiff with the time that she had been working in the business "under former owners".

11. The plaintiff began to work indefinitely for the former owners of the business that Merck operates at the Las Piedras plant on December 26, 2001, and was employed and worked uninterruptedly at said plant from that date until this past 30th of April, 2021, when Merck suddenly discharged her without just cause.

12. Pursuant to Article 6 of Public Law No. 80, in addition to the time that the plaintiff worked for Merck, she must be credited with the time that she worked for the former owners of the business, which amounts to a total of 19 years of employment.

13. The plaintiff was discharged for supposedly committing a violation of the manufacturing practices consisting of using some post-it notes that were provided to her by her immediate supervisor.

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 4 of 7

14. The plaintiff used the post-it notes with the knowledge and consent, expressed or implied, of her immediate supervisor, Mr. David González, to jot down information about some lots with which she was working. This happened during a period of time when the plaintiff was managing an extremely high workload (lots), well beyond the normal volume.

15. The violation with which the defendant is charging the plaintiff, if it was committed, did not cause economic damages and/or losses to the company, since the plaintiff's work with the referenced lots was performed correctly.

16. The violation with which the defendant is charging the plaintiff, if it was committed, was not malicious and does not imply dishonesty on the part of the plaintiff.

17. In the alternative, regardless of what Merck's regulations and/or work standards may state, the violation with which the defendant is charging the plaintiff does not warrant the drastic sanction of discharge, especially when the plaintiff has a pristine employment record, without previous warnings or conduct that is contrary to Merck's standards and/or best interests.

18. In the alternative, regardless of what Merck's regulations and/or work standards may state, in light of the plaintiff's work evaluations and her record, the drastic sanction of discharge is inconsistent with the progressive discipline policy contained in said regulations.

19. In the alternative, regardless of what Merck's regulations and/or work standards may state, the violation with which the defendant is charging the plaintiff was committed with the consent of the plaintiff's immediate supervisor, Mr. David González, who gave the plaintiffs the referenced post-it notes, being fully aware of how the plaintiff would use them. In other words, the conduct that the defendant is attributing to the plaintiff was expressly or implicitly authorized by her immediate supervisor, which constituted approval by the latter of the practice by the plaintiff that the employer now intends to use to justify her discharge.

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 5 of 7

20. In the alternative, regardless of what Merck's regulations and/or work standards may state, the defendant applied said regulations to the plaintiff inconsistently and/or capriciously and arbitrarily, and/or the application of the regulations in this case against the plaintiff is contrary to the defendant's own acts, inasmuch as it fosters, allows, and/or induces the practice with which it justifies the plaintiff's discharge.

21. While the plaintiff was an employee of the defendant, she carried out her duties responsibly and properly, always looking out for the best interests of the company. While she was an employee of the defendant, the plaintiff did not receive any written or verbal warnings about the performance of her work and/or for deficient performance.

22. At the time of her discharge, the plaintiff held the position of microbiologist, and carried out the duties of said position.

23. The plaintiff was discharged without just cause and/or for reasons that do not constitute just cause pursuant to the applicable provisions of Public Law No. 80.

   **IV. FIRST CAUSE OF ACTION: CLAIM FOR SEVERANCE UNDER PUBLIC LAW NO. 80 OF MAY 30, 1976, AS AMENDED**

24. The plaintiff repeats and re-alleges each one of the preceding paragraphs as if they were literally set forth herein.

25. The plaintiff was an employee who worked for the defendant under a contract for an indefinite period of time.

26. The plaintiff was discharged without just cause, as said term is defined in Public Law No. 80 of May 30, 1976, as amended, for which reason the plaintiff is entitled to receive the severance compensation established by said law.

27. Pursuant to Article 6 of Public Law No. 80, for the purpose of calculating the severance to which the plaintiff is entitled, the defendant [sic] has the right to be credited with the time that she worked for the former owners of the Las Piedras plant that was acquired by Merck. She also has the right to be credited with the time during which she was employed by Merck after said entity acquired

the Las Piedras plant. In accordance with Article 6 of Public Law No. 80, this totals 19 years.

28. The Plaintiff was hired before the Labor Transformation and Flexibility Act of 2017, Public Law No. 4 of 2017, took effect. In accordance with Art. 4.3 of Public Law No. 4 of 2017, the compensation to which the Plaintiff is entitled for being wrongfully discharged, "shall be calculated using the laws that were in effect before the Labor Transformation and Flexibility Act took effect."

29. Pursuant to the provisions of Articles 1 (a) and (b) of Public Law No. 128 of October 7, 2005, the severance compensation to which the plaintiff is entitled is equal to the equivalent of 6 months of wages at the highest amount earned during her last three years of employment, plus an additional compensation equal to the equivalent of three (3) weeks of wages for every year that the plaintiff worked for the defendant.

30. The highest annual salary earned by the plaintiff during the 3 years preceding her discharge was $60,953 (in the year 2019); thus, pursuant to the provisions of Article 1 of Public Law No. 80 of May 30, 1976, as amended (29 L.P.R.A. 1859 et seq.), she is entitled to severance in the amount of $97,278. Additionally, she is entitled to late payment interest at the legally-established rate, from the date of discharge and, in the alternative, from the date of filing of this legal claim, on the amount of said severance.

**V.   SECOND CAUSE OF ACTION: ATTORNEY'S FEES**

31. The plaintiff repeats and re-alleges each one of the preceding paragraphs as if they were literally set forth herein.

32. Pursuant to the applicable laws and case authority, the defendant is liable for the payment of an additional sum to cover attorney's fees, equivalent to 25% of the base compensation granted to the plaintiff.

33. The provisions of the summary procedure provided by Public Law No. 2 of 1961, 32 LPRA 3118, et seq. and Article 4.12 of the Labor Transformation and Flexibility

[CERTIFIED TRANSLATION]

CG2021CV01344 02/06/2021 04:10:00 pm Entry No. 1 Page 7 of 7

Act, Public Law No. 4 of 2017, are hereby invoked.

**VI.  PRAYER**

WHEREFORE, the plaintiff requests that the Complaint be Granted and that Judgment be entered ordering the defendant, Merck Sharp & Dohme (I.A.) LLC, Inc., to pay the following:

a) A sum corresponding to the severance for wrongful discharge, to be calculated pursuant to the provisions of Article 1 of Public Law No. 128 of October 7, 2005, which is calculated at the amount of $97,278;

b) Attorney's fees in an amount no smaller than 25% of the severance compensation granted to the plaintiff;

c) The expenses and costs of the proceedings;

d) Late payment interest on the amount granted in the Judgment, from the effective date of discharge or, in the alternative, from the date of filing of this Complaint;

e) That this claim be heard in accordance with the provisions of the summary procedure provided by Public Law No. 2 of 1961, 32 LPRA 3118, et seq. and Article 4.12 of the Labor Transformation and Flexibility Act, Public Law No. 4 of 2017.

f) Any other legal remedy that is fair and reasonable. In San Juan, Puerto Rico, on June 2, 2021.

*S:/Carlos J. Morales Bauzá*
CARLOS J. MORALES BAUZA
Atty. Registry No. 8353
**ROSSELLO & MORALES, C.S.P.**
262 Uruguay Street
Altagracia Condominium Ste. C3-C4
San Juan, Puerto Rico 00917- 2017
Tel.: (787)616-5164
carlosjmoralesbauza@gmail.com

**\*\*NOTE\*\***
In accordance with the applicable provisions of Public Law No. 2, 1961, This Complaint is exempted from the payment of fees.

**CERTIFICATE OF TRANSLATION**
**SPANISH TO ENGLISH**

**DOCUMENT:** Summons, Proof of Service, and Complaint in Civil Case No. CG2021CV01344 Yaracne Carrasquillo Calderon vs. Merck, Sharp & Dohme (I.A.) LLC (original Spanish document consisting of 9 pages)

The undersigned, Margot A. Acevedo Chabert, USCCI, hereby certifies that she has been actively engaged as a professional translator and interpreter (English <> Spanish) certified by the Administrative Office of the United States Courts since 2006 (Certificate No. 06-001), that she has an MA in Translation from the University of Puerto Rico, and that to the best of her knowledge and understanding, the attached document is a true and correct translation of the original text provided for translation.

In Milwaukee, WI, on June 17, 2021

**Margot A. Acevedo Chabert, USCCI**